UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 *Plaintiff*, v. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, NW (2822T) Washington, DC 20460 *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 18-cv-271 **COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On December 4, 2017, following the recent cancellation of presentations by two EPA scientists and a contractor at a Narragansett Bay workshop in Providence, R.I., Administrator Scott Pruitt stated in a letter to Senator Whitehouse of Rhode Island that "procedures have been put in place to prevent such occurrence in the future." The letter

also stated that EPA's Office of Research and Development (ORD) leadership had been assured that they had the authority to make decisions concerning event participation going forward, that ORD would continue to conduct research outlined in EPA's Strategic Research Action Plan, and that Administrator Pruitt was committed to upholding EPA's scientific integrity policy.

4. On December 8, 2017, Plaintiff electronically sent a FOIA request to Defendant. This request sought (1) documents reflecting the referenced "Procedures [that] have been put in place to prevent such an occurrence in the future"; (2) records indicating that EPA Administrator Scott Pruitt assured the Office of Research and Development ("ORD") that "political and career senior leadership ha[s] the authority to make decisions about event participation going forward"; (3) copies of these communications between Mr. Pruitt and ORD staff on this topic; (4) documents that summarize or enumerate research ORD is, or is slated, to undertake as Mr. Pruitt claims is "outlined in our Strategic Research Action Plans reflecting Congressional appropriations"; and (5) any records reflecting any internal communications from Mr. Pruitt concerning "EPA's Scientific Integrity Policy", including any documents reflecting steps Mr. Pruitt is taking to uphold that policy.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

7. To date, Defendant has failed to make a determination concerning compliance or to produce any records in response to Plaintiff's December 8, 2017 FOIA request, Case Number EPA-HQ-2018-002473.

8. Defendant's conduct amounts to a denial of Plaintiff's FOIA request.  EPA is frustrating Plaintiff's efforts to educate the public about the quality and integrity of scientific work at EPA, as well of that of its leadership.  This request will also help the public to understand precisely how the agency will facilitate scientific freedom for its professional staff.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the

government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

13. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. In October 2017, EPA cancelled the presentations of two EPA scientists and one consultant at a conference on climate change at Narragansett Bay in Rhode Island.

19. On October 31, 2017, in response to these cancelled presentations, Senator Sheldon Whitehouse, who represents Rhode Island, sent a letter to Mr. Pruitt inquiring about the reasoning for these cancelled presentations.

20. Mr. Pruitt responded to Senator Whitehouse in a letter dated December 4, 2017.  In this letter, Mr. Pruitt specifically said:

> *"Procedures have been put in place to prevent such an occurrence in the future. I have assured Office of Research and Development ('ORD') political and career senior leadership that they have the authority to make decisions about event participation going forward. This has been communicated to all ORD staff throughout the country, and ORD will continue to conduct research outlined in our Strategic Research Action Plans reflecting Congressional appropriations. Additionally, I am committed to upholding EPA's Scientific Integrity Policy, which ensures that the Agency's scientific work is of the highest quality, is presented openly and with integrity, and is free from political interference."*

21. On December 8, 2017, as a result of concern about the ability for ORD to freely disseminate its scientific research, PEER requested pursuant to FOIA records and information related to Mr. Pruitt's statement to Senator Whitehouse. Specifically, PEER requested:

> a. *Documents reflecting the referenced 'Procedures [that] have been put in place to prevent such an occurrence in the future';*

b. *Records reflecting Mr. Pruitt's referenced assurances to ORD "political and career senior leadership that they have the authority to make decisions about event participation going forward";*

c. *Copies of the referenced communications to ORD staff on this topic;*

d. *Documents which summarize or enumerate research ORD is, or is slated, to undertake as 'outlined in our Strategic Research Action Plans reflecting Congressional appropriations,'; and*

e. *Any records reflecting any internal communications from Mr. Pruitt concerning "EPA's Scientific Integrity Policy" including any documents reflecting steps Mr. Pruitt is taking to uphold that policy."*

22. Also on December 8, 2017, PEER received an email confirmation of its request, assigning the request number EPA HQ-2018-002473.

23. On January 15, 2018, Plaintiff contacted the EPA's FOIA Office by email to inquire about when determination and production should be expected. As of the date of this filing, Plaintiff has received no response.

24. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need for a ten day extension. *See also* 40 C.F.R. § 2.104(a). The EPA regulations acknowledge that if EPA fails to respond to a FOIA request within the 20 working day period, the requester may seek judicial review to obtain the records without the need for an administrative appeal. *Id.* The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

25. Twenty working days from December 8, 2017 (the date of Plaintiff's request) was January 11, 2018.  As of this February 6, 2018 filing, Plaintiff has received neither a determination on its December 8, 2017 FOIA request nor any responsive records.

26. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its December 8, 2017 FOIA request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

27. Plaintiff incorporates the allegations in the preceding paragraphs.

28. Defendant's failure to make a determination on Plaintiff's FOIA request or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Environmental Protection Agency regulations promulgated thereunder, 40 C.F.R. § 2.100 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on February 6, 2018,

/s/Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstien@peer.org

*Counsel for Plaintiff*